UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JHAL DEVONN SMITH, #391981,

    Petitioner,

                                                              CASE NO. 4:18-CV-12760
v.                                                  HONORABLE LINDA V. PARKER

PATRICK WARREN,

    Respondent.

_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

**I.    Introduction**

Michigan prisoner Jhal Devonn Smith ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree criminal sexual conduct ("CSC"), Mich. Comp. Laws § 750.520b(1)(c) (sexual penetration under circumstances involving another felony), third-degree CSC, Mich. Comp. Laws § 750.520d(1)(b) (sexual penetration with force or coercion), unlawful imprisonment, Mich. Comp. Laws § 750.349b; assault by strangulation, Mich. Comp. Laws § 750.84(1)(b); and domestic assault, Mich. Comp. Laws § 750.81(2),

following a jury trial in the Calhoun County Circuit Court. He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 50 to 75 years on the first-degree CSC conviction, 26 years 8 months to 50 years imprisonment on the third-degree CSC conviction, 19 to 50 years imprisonment on the unlawful imprisonment conviction, 12 years 8 months to 50 years imprisonment on the assault conviction, and 6 years 4 months to 50 years imprisonment on the domestic violence conviction in 2015. In his habeas petition, he raises claims concerning the sufficiency of the evidence, the jury instructions, and the validity of his sentence.

The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. For the reasons that follow, the Court concludes that the habeas petition is untimely, Petitioner's claims are without merit, and the petition must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

## II. Procedural History

Petitioner's convictions arise from the physical and sexual assault of his former girlfriend at her home on November 9, 2014. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> In her testimony, recounted as follows, the complainant described the events of the incident and those leading to it. She met defendant in June 2014; they began dating and then moved in together shortly thereafter. Defendant became increasingly violent as the relationship progressed, and so she broke up with him in September 2014 and made him move out of her house. On November 9, 2014, she arrived home from work at approximately 10:30 p.m. and found defendant inside the house, even though he was not supposed to be there. Defendant began to look through her cellular telephone, and he became angry when he found that it contained contact information for other men. Complainant became afraid and tried to leave the house but defendant pulled her from the door. She tried to escape on three different occasions that night but defendant forcibly prevented her from doing so by grabbing her legs and one time by choking her. Defendant struck her in the face multiple times with a vodka bottle and told her that he would kill her. He also forced her to perform fellatio on him against her will and then forced her to the floor and had sex with her despite her telling him to stop both before and during the sexual conduct. Around 7:00 a.m. defendant began to apologize, but at around 8:00 a.m. or 8:30 a.m., he again forced her to have sex despite the fact that she told defendant that she did not want to and that she was in pain. In sum, according to complainant's testimony, over the course of approximately seven hours, defendant repeatedly threatened her life and physically and sexually assaulted her.

*People v. Smith*, No. 328642, 2016 WL 6992690, *1 (Mich. Ct. App. Nov. 29, 2016) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his convictions and sentences. *Id.* at *2-4. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Smith*, 500 Mich. 1002, 895 N.W.2d 514 (May 31, 2017).

Petitioner dated his federal habeas petition on August 31, 2018. Respondent filed the instant motion to dismiss on March 18, 2019. Petitioner filed a letter response to that motion on April 15, 2019, essentially asserting that the Court should consider his petition because his habeas claims have merit. He then filed an additional response, dated April 29, 2019, asserting that he is entitled to equitable tolling of the one-year period because he has mental health issues, takes medication, and must rely upon legal writers to assist him.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. In fact, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on May 31, 2017. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Accordingly, Petitioner was required to file his federal habeas petition by

August 29, 2018, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner, however, did not date his federal habeas petition until August 31, 2018 – two days after the one-year period had expired. Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's

control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The fact that Petitioner is untrained in the law, is or was proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Petitioner asserts that he is entitled to equitable tolling because he has mental health issues, takes medication, and had to rely upon legal writers to prepare his petition. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he was mentally incompetent and that his mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624

F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. Sept. 28, 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard. While he alleges that he has mental health issues and is housed in a particular prison unit as a result, his pleadings do not establish that he is (or was) mentally incompetent during the relevant time period. Similarly, while the records indicate that Petitioner takes (or took) psychiatric medications, they do not indicate that the medications were necessary for him to be competent, nor do they indicate that his mental health status or any medication issues impaired his ability to pursue legal proceedings on his own or to understand the need for assistance, to secure assistance, or to cooperate with assistance. In fact, Petitioner acknowledges that he obtained assistance from prison legal writers during the relevant time period. Petitioner fails to allege facts which show that he is (or was) mentally incompetent, that his mental health condition or the side effects of any medication were significant throughout the relevant time period, and/or that his

condition or medications impaired his ability to seek federal habeas relief in a timely manner. The record before this Court simply does not support his assertion that his mental health condition or the effects of any medications were so severe during the relevant period in 2017-2018 that he was unable to seek federal habeas relief in a timely manner. "Speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008).

Moreover, the fact that Petitioner had to rely upon legal writers, who are not lawyers, to assist him does not warrant tolling. *See, e.g, Allison v. Smith*, No. 2:14-CV-10423, 2014 WL 2217238, *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002), and ruling that bad advice from fellow inmate or other non-lawyers does not warrant equitable tolling); *Arriaga v. Gonzales*, No. 13-CV-1372, 2014 WL 5661023, *12 (C.D. Cal. Oct. 31, 2014) (reliance on jailhouse lawyers is not an extraordinary circumstance). Petitioner's contention that his claims have merit also does not justify tolling the one-year period. *Holloway*, 166 F. Supp. 2d at 1191. Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S.

383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. Any self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Furthermore, Petitioner's assertion that his insufficient evidence or other habeas claims have merit does not establish his actual innocence. *Craig v. White*, 227 F. App'x 480, 481 (6th

Cir. 2007). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

In some cases, a federal court may proceed on the merits of a habeas petition regardless of its timeliness. *See, e.g.*, *Rooks v. Brewer*, No. 17-10666, 2017 WL 4551483, *1 (E.D. Mich. Oct. 12, 2017) (unpublished) (citing *Smith v. State of Ohio Dept. of Rehabilitation*, 463 F.3d 426, 429, n. 2 (6th Cir. 2006)). Because Petitioner narrowly missed the filing deadline, which he asserted was due to impediments or limitations related to his mental health, it is worthwhile to address the merits of Petitioner's claims. In his habeas petition, Petitioner raised claims concerning the sufficiency of the evidence, the jury instructions, and the validity of his sentence.

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong

case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Petitioner first claims that the trial court erred by failing to instruct the jury that two prior domestic assault convictions were necessary to find that he was committing *felony* domestic assault pursuant to Mich. Comp. Laws § 750.81(5).[1] To warrant habeas relief, a jury instruction need not only be erroneous due to some

---

[1] State law instructional errors rarely form the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991).

"ambiguity, inconsistency, or deficiency" but also, taken as a whole, the instruction must have rendered the entire trial fundamentally unfair. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004); *see Estelle v. McGuire*, 502 U.S. 62, 71–73 (1991); *see also Cupp v. Naughten*, 414 U.S. 141, 147 (1973). " '[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *Boyde v. California*, 494 U.S. 370, 378 (1990) (quoting *Cupp*, 414 U.S. at 146-147). Yet the pertinent question is " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147).

Although the Michigan Court of Appeals found the given jury instruction deficient because it omitted a specific instruction that made the charged crime a felony, it concluded that reversal was not mandated because the error was unpreserved[2]. *Smith*, 2016 WL 6992690 at *2. Notwithstanding, the jury was twice instructed that finding that sexual conduct occurred in the context of domestic assault would constitute the felony sufficient to elevate the criminal sexual conduct charge to the first degree. *Id.* Additionally, as the Michigan Court of Appeals noted, the charging information in this case included a "third offense notice" indicating that the two prior domestic violence convictions resulted in the instant charge being a felony.

---

[2] Although given the opportunity before and after closing arguments, defense counsel did not object to the jury instructions. *Smith*, 2016 WL 6992690 at *2.

*Id.* In light of these facts and that Petitioner never disputed that he had already been convicted of two prior domestic assault convictions, the court declined to conclude that the error either affected Petitioner's substantial rights or affected the fairness, integrity, or public reputation of the judicial proceedings and, therefore, found reversal unwarranted. *Id.* at *2–3.

The question before this Court is whether the state appellate court's finding of "harmless" error was contrary to, or involved an unreasonable application of, clearly established Federal law. Constitutional errors may be treated as harmless unless a court can conclude, beyond a reasonable doubt, that the error complained of might have contributed to the defendant's conviction. *See Chapman v. California*, 386 U.S. 18, 23–24 (1967); *see also Barker v. Yukins*, 199 F.3d 867, 872 & 872 n. 4 (6th Cir. 1999). For the reasons stated above, this Court finds that the state court's reasoning is sound, and that the deficient jury instruction did not contribute to the Petitioner's conviction. In fact, Petitioner did "not contest that the evidence was sufficient for the jury to find him guilty in light of the instructions they received." *Smith*, 2016 WL 6992690 at *2. Thus, this Court concludes that the deficient jury instruction, considering the totality of the circumstances, did not render the trial fundamentally unfair. Therefore, this claim does not entitle Petitioner to habeas relief and is denied.

Second, Petitioner claims that there was insufficient evidence to support his convictions for unlawful imprisonment and third-degree CSC (sexual penetration with force or coercion). "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When a prisoner raises a sufficiency of evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Watkins v. Warden*, No. 1:07-CV-00644, 2009 WL 530108, *4–*6 (S.D. Ohio Feb. 27, 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the trier of fact which convicted the petitioner. *Id.* "[D]eference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; [then] deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted). The *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Mich. Comp. Laws § 750.349b(1) states that a " person commits the crime of unlawful imprisonment if he or she knowingly restrains another person" and the "person was restrained to facilitate the commission of another felony . . . ." Also, Mich. Comp. Laws § 750.520(d)(1)(b), a felony, states that a "person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if . . . [f]orce or coercion is used to accomplish the sexual penetration."

In this case, as the state court reasonably concluded, the State presented sufficient evidence to establish beyond a reasonable doubt that Petitioner restrained the victim and engaged in sexual penetration with her through the use of force. The victim testified that Petitioner "forced her onto the floor, removed her pants, and underwear against her will, and had sex with her despite her pleas for him to stop." *Smith*, 2016 WL 6992690 at *3. Any challenge to the victim's credibility will not be recognized because credibility determinations are assessed by the jury. *See Jackson*, 443 U.S. at 318–19 & n. 13. Thus, a rational juror could infer from the evidence presented at trial that Petitioner restrained the victim and engaged in sexual penetration with her through the use of force. Accordingly, the Court concludes that the evidence was sufficient to establish beyond a reasonable doubt the elements of the charged offenses. Therefore, this claim does not entitle the Petitioner to habeas relief and is denied.

Finally, Petitioner's claim that the trial court unlawfully calculated his sentence is not a cognizable claim for federal habeas review. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (citing *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)). Petitioner's claim that his sentence violates due process is based on its contravention of the Michigan Supreme Court holding in *People v. Lockridge*, 498 Mich. 358, 364–365, 389, 391–392; 870 NW2d 502 (2015). *Smith*, 2016 WL 6992690 at *4. This claim, however, is not cognizable in a habeas proceeding because it is a state law claim. *Whitfield*, 157 F. Supp. 2d at 762 (citing *Thomas v. Foltz*, 654 F. Supp. 105, 106–07 (E.D. Mich. 1987)). Violations of state law and procedure, which do not infringe specific federal constitutional protections, are not cognizable claims for habeas review. *Id.* Therefore, this claim does not entitle the Petitioner to habeas relief and is denied.

## IV. Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely, and that Petitioner's claims are without merit. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's rulings debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 29, 2019, by electronic and/or U.S. First Class mail.

s/ E. Karhoff on behalf of
Richard Loury, Case Manager
